## In re Anonymous No. 16 D.B. 82

Disciplinary Board Docket no. 16 D.B. 82.

CARSON, *Member,* September 28, 1993—Pursuant to Rule 218(c)(5) of the Pennsylvania Rules of Disciplinary Enforcement, the Disciplinary Board of the Supreme Court of Pennsylvania herewith submits its findings and recommendations to your honorable court with respect to the above-captioned petition for reinstatement.

## I. HISTORY OF PROCEEDINGS

A petition for discipline was filed on March 23, 1982. It originated from petitioner's participation in the illegal conspiracy known as "Abscam," which launched a federal criminal investigation. Subsequent disciplinary proceedings culminated in the order of the Supreme Court dated December 21, 1984, which suspended petitioner from the practice of law for a period of three years.

The suspension was based upon finding that petitioner accepted payments for bribing six public officials, impersonated an official of the United States Immigration and Naturalization Service and helped form a corporation to launder "Abscam" money. Nevertheless, petitioner was not indicted and cooperated fully with the federal government during the investigation.

The majority of the Disciplinary Board concurred with the recommendation of the Hearing Committee that petitioner should receive a one-year suspension for his acts. However, a dissenting and concurring opinion authored by then board member [     ], recommended a three-year suspension.

On December 8, 1992, petitioner filed a petition for reinstatement.

The matter was referred to Hearing Committee [     ], which was chaired by [     ], Esquire, and included [     ], Esquire and [     ], Esquire.

A hearing was held on April 22, 1993 before two members. [     ], Esquire was not present. On May 26, 1993, the Hearing Committee filed its report and recommended that the petition for reinstatement be granted.

The Office of Disciplinary Counsel did not file exceptions to the Hearing Committee report.

The matter was adjudicated at the June 16, 1993 meeting of the Disciplinary Board of the Supreme Court of Pennsylvania.

## II. FINDINGS OF FACT

(1) Petitioner completed the reinstatement questionnaire required by the Pennsylvania Rules of Disciplinary Enforcement.

(2) Petitioner presented clear and convincing evidence of regular engagement in substantive study of the law during his suspension. (N.T. 29.)

(3) Petitioner has an excellent reputation for his knowledge of the real estate title field.

(4) Petitioner's involvement in the title insurance field has placed him in daily contact with members of the bar; however, he did not engage in the practice of law during his suspension.

(5) Petitioner has been suspended since December 21, 1984 which is approximately twice the period imposed by this honorable court.

(6) Petitioner has been entrusted with millions of dollars of escrow funds in his real estate transactions. There has never been an issue as to the propriety of his actions or his competency and his skill. (N.T. 46.)

(7) The following four witnesses testified in support of petitioner's integrity and reputation in the community, and all endorsed his petition for reinstatement:

a) [A], Esquire, a partner in the firm [   ].

b) [B], a stockholder in [   ] Inc.

c) [C], a real estate broker.

d) Rabbi [D], Rabbi Emeritus of [   ] Synagogue.

(8) Petitioner has demonstrated that he is totally and completely rehabilitated from his prior acts.

## III. DISCUSSION

The standards for readmitting an attorney to practice law after a period of suspension must be satisfied by clear and convincing evidence. The attorney must display the moral qualifications, as well as competency and learning in the law required for admission to practice law in the Commonwealth. Pa.R.D.E. 218(c)(3)(i). "The threshold question [is] whether the magnitude of the breach ... would permit the resumption of practice without a detrimental effect upon 'the integrity and standing of the bar or the administration of justice nor subversive of the public interest.' " *Office of Disciplinary Counsel v. Keller,* 509 Pa. 573, 579, 506 A.2d 872, 875 (1986).

In addition, a reinstatement proceeding must also examine the rehabilitative efforts which the attorney has made since the time that sanctions were imposed, along with the degree of success achieved in the rehabilitative process. An extensive reinstatement questionnaire also must be completed. *Philadelphia Newspapers v. Disciplinary Board of the Supreme Court of Pennsylvania,* 468 Pa. 382, 385-386, 363 A.2d 779, 781 (1976).

Since the suspension became effective, petitioner worked as a principal in a title insurance agency. He also performed administrative and paralegal functions for a law firm. Petitioner testified that he regularly engaged in the substantive study of the law in the form of reading advance sheets and other legal periodicals. He also testified that he conducted research on a regular basis. (N.T. 29-30.)

Petitioner also produced evidence of moral qualifications, competency and learning in the form of four witnesses. Pennsylvania case law permits such introduction of evidence. *In re Anonymous No. 24 D.B. 84,* 14 D.&C.4d 235, 244 (1991). All witnesses agreed that he carried a very high reputation for honesty and integrity. One witness testified in regard to his charitable and community activities. Two experienced witnesses from the real estate title field praised petitioner for his competence and integrity. To support his moral qualifications, petitioner showed remorse for his prior conduct. (N.T. 29-30.)

Determinations for reinstatement are also evaluated by the length of time which elapsed since petitioner committed his acts. *In re Anonymous No. 24 D.B. 84, supra* at 242. The petitioner in the instant case has been inactive for nine years since his *suspension* was imposed. In one case involving seven years subsequent to a disbarment, the board considered this length of time period to be "one-half of the formula for reinstatement." *In re Anonymous No. 26 D.B. 81,* 7 D.&C.4th 260, 273 (1990). In another case, a long term of inactive status did not bar an attorney from reinstatement because his business activities involved complex issues of law much like those of the instant petitioner. *In re Anonymous No. 120 D.B. 88,* 6 D.&C.4th 1 (1989).

Finally, another attorney was disbarred for acts similar to those of the instant petitioner, but he was reinstated. He was indicted and served time in federal prison and filed for reinstatement "slightly in excess of five years." *In re Anonymous No. 48 D.B. 77,* 36 D.&C.3d 51, 53 (1984). The board concentrated on rehabilitative efforts made after the offense and found that the attorney did not practice law since the time of disbarment, and did not incur subsequent violations. Similarly, the instant petitioner has not practiced law or incurred any violations for nearly ten years.

## IV. RECOMMENDATION

For the foregoing reasons, the board recommends that the petition for reinstatement of [petitioner] be granted.

The board further recommends that, pursuant to Pa.R.D.E. 218(e), petitioner be directed to pay the necessary expenses incurred in the investigation and processing of the petition.

Ms. Flaherty and Mr. Kerns did not participate in the adjudication.

## ORDER

And now, November 16, 1993, upon consideration of the report and recommendations of the Disciplinary Board of the Supreme Court of Pennsylvania dated September 28, 1993, the petition for reinstatement is granted.

Pursuant to Rule 218(e), Pa.R.D.E., petitioner is directed to pay the expenses incurred by the Board in the investigation and processing of the petition for reinstatement.

Mr. Justice Larsen did not participate in this matter.